In the Matter of a Proposal or Plan by All of the Holders of Mortgage Investments for the Readjustment, Modification or Reorganization of the Rights of All of Such Holders of Investments in a Certain Mortgage Covering Premises Known as 602–4 Cary Avenue, Stapleton, Staten Island, Borough and County of Richmond, New York, Guaranteed by Bond and Mortgage Guarantee Company and Designated as Guarantee No. 214,669 Pursuant to Section 11 of Chapter 19 of the Laws of 1935 of the State of New York, as Amended. Plan No. T-279. TITLE GUARANTEE & TRUST COMPANY, as Trustee, Respondent; MICHAEL J. FEMENELLA, Appellant.— Order approving application of a trustee of certain certificate holders of a mortgage on certain property in Staten Island to sell the same reversed on the law and the facts, with ten dollars costs and disbursements, and the application denied, with ten dollars costs. The filing by the appellant, who is the holder of forty-two per cent of the certificates issued under the mortgage, of a dissent to the proposed plan of modification of the existing reorganization, precluded the approval of the plan and required a denial of the application, thus leaving the parties to the alternative of a foreclosure action or the submission of a plan that would command the approval of two-thirds of the certificate holders. The financial experience of the trustee for the six months' period following the assignment of rents, and the prospective financial experience reflected in the affidavit of the trustee's real estate expert, disclose that a net income adequate to pay the interest on the existing mortgage would be available after the payment of overhead. On such a showing it is improvident to sell the mortgage at a loss to the certificate holders of nearly one-third of their principal. Moreover, the order was made in part upon an examination made by a Bureau of Trust Supervision in the office of the Superintendent of Insurance and the result of such examination is recited as a partial basis for the order. The examination or " result " thereof is not in the record, which fact makes impossible a consideration thereof on this appeal and requires that the consideration be limited to that which appears in the record. Lazansky, P. J., Carswell, Johnston, Taylor and Close, JJ., concur. [See *post*, p. 944.]